**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HARRISON ROSADO,** | : | **CIVIL ACTION NO. 3:23-CV-1688** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN RICKARD,** | : | |
| | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Harrison

Rosado, argues that the United States Bureau of Prisons ("BOP") has improperly

denied him presentence credit towards his sentence. The petition will be dismissed

for failure to exhaust administrative remedies.

**I.    <u>Factual Background & Procedural History</u>**

Rosado, an inmate in Schuylkill Federal Correctional Institution ("FCI-

Schuylkill") is serving a 48-month sentence of imprisonment imposed by a court in

this district for use of a communication facility in causing or facilitating the

commission of a felony under the Controlled Substances Act. (Doc. 14-1 at 5). The

BOP has calculated his anticipated release date as July 7, 2026, based on good

conduct time. (<u>Id.</u> at 5-6). On December 6, 2022, Rosado filed an administrative

remedy request asserting that the BOP erred in this calculation and seeking prior

custody credit for time that the BOP determined that he was serving a previous

federal sentence. (<u>Id.</u> at 6). The request was denied on December 22, 2022. (Doc. 1-6;

Doc. 14-1 at 6). Rosado appealed to the BOP's regional director on July 17, 2023, but his appeal was rejected as untimely. (Id.)

Rosado filed this case on October 11, 2023, arguing that the BOP has improperly denied him presentence credit towards his sentence. (Doc. 1). The case was initially assigned to United States District Judge Malachy E. Mannion. Respondent responded to the petition on January 12, 2024, arguing that it should be dismissed for failure to exhaust administrative remedies, or, alternatively, that it should be denied on its merits. (Doc. 14). Rosado filed a reply brief on February 8, 2024, making the petition ripe for review. (Doc. 16). The case was reassigned to the undersigned on January 21, 2025, via a verbal order from Chief United States District Judge Matthew W. Brann.

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62.

The BOP's administrative remedy program allows federal prisoners to request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. Inmates are first directed to attempt informal resolution. Id. § 542.13.

If informal resolution is unsuccessful, the inmate is directed to file an administrative remedy request. Id. § 542.14. The deadline to attempt informal resolution and to file an administrative remedy request is 20 days from the event that gives rise to the inmate's complaint. Id. Once an administrative remedy request is filed, the warden of the prison in which the inmate is incarcerated has 20 days to respond to the request. Id. § 542.18. If the inmate has not obtained relief from the warden, he may file an appeal to the regional director within 20 days of receiving the warden's response. Id. § 542.15. The regional director must respond to the appeal within 30 days. Id. § 542.18. If the inmate has not obtained relief, he may file an appeal to the BOP's general counsel within 30 days of receiving the regional director's response. Id. § 542.15. The general counsel must respond within 40 days. Id. § 542.18. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). If the BOP fails to respond at any level of the process within the required time periods, "the inmate may consider the absence of a response to be a denial at that level." Id. § 542.18.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Rosado's petition should be dismissed for failure to exhaust administrative remedies because his appeal to the regional director was rejected as untimely and he therefore did not complete the administrative remedy program. (Doc. 14 at 8-10). In response, Rosado asserts that he "didn't receive nothing" when he filed his administrative remedy request, and that it was this lack of action on the request that prompted him to file his appeal on July 17, 2023. (Doc. 16 at 1). Rosado asserts that after he filed the appeal, he again did not receive any documents from the BOP's regional office. (Id.) Rosado argues that based on the BOP's purported failure to send him responses to his grievance and appeal, he should be deemed to have exhausted administrative remedies. (Id.)

Rosado's argument is belied by the record. He contends that he did not receive a response to his initial remedy request, but he attached the prison's response as an exhibit to his petition. (See Doc. 1-6). This exhibit controls over Rosado's contradictory argument that he was not given a response. Cf. Vorchheimer v. Philadelphia Owners Ass'n, 903 F.3d 100, 112 (3d Cir. 2018) (noting that if a plaintiff's "own exhibits contradict [the] allegations in the complaint, the exhibits control").

Moreover, even if it were true—as Rosado contends—that he did not receive a response to his December 6, 2022, administrative remedy request, his argument would still be meritless. Although a prison's failure to timely respond to a grievance or appeal may render a grievance process unavailable in certain circumstances, see Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019), the relevant BOP regulation in this case specifically contains a deemed-denied provision stating that the inmate

may treat the absence of a timely response as a denial. 28 C.F.R. § 542.18. Once an appeal is deemed denied under this provision, the inmate is required to appeal as if he had received a denial in the ordinary course to complete the administrative exhaustion process. See, e.g., Concepcion v. Warden Allenwood FCI, 750 F. App'x 184, 186 (3d Cir. 2019) (nonprecedential); VanBuren v. Sage, No. 1:23-CV-971, 2024 WL 3597048, at *4 (M.D. Pa. July 31, 2024).

Thus, if even if Rosado did not receive a response to his December 6, 2022, administrative remedy request, the absence of such a response within 20 days should have prompted him to deem the request denied and file an appeal within another 20 days. See 28 C.F.R. § 542.18; Concepcion, 750 F. App'x at 186. Rosado's appeal to the regional director was therefore due no later than January 17, 2023.[1] His failure to file an appeal to the regional director until six months after this date, on July 17, 2023, would constitute a failure to exhaust administrative remedies even if it were accepted as true that he did not receive a response to his initial administrative remedy request.

---

[1] Although the 20-day deadline following the deemed-denied date of December 26, 2022 would have been on January 15, 2023, the deadline was automatically extended to January 17, 2023 because January 15, 2023 was a Sunday and January 16, 2023 was Martin Luther King Jr. Day. See FED. R. CIV. P. 6(a)(1)(C) (stating that if the last date of a time period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

**III.** <u>**Conclusion**</u>

The petition for writ of habeas corpus is dismissed for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    March 26, 2025